IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHER MELLUL, LEO ORTICELLI, and STEVEN NAVAS, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> COMMUNITY TAX RELIEF, LLC, EPIC FINANCIAL, LLC, ADAM DAYAN, and BRADLEY JACOB DAYAN, <br><br> Defendants. | ) ) ) ) ) No.: ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

NOW COME the Plaintiffs Asher Mellul, Leo Orticelli, and Steven Navas (hereinafter, collectively, "Plaintiffs") on behalf of themselves and all other persons similarly situated, known and unknown, through their undersigned attorneys and for their Complaint against Defendants Community Tax Relief, LLC, ("Community") and Epic Financial, LLC ("Epic") (hereinafter, collectively, "Defendants") states as follows:

### INTRODUCTION

1.      This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., Defendants' failure to pay Plaintiffs and other similarly situated employees earned minimum wage, and Defendants' failure to pay

Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2.      Defendants Adam Dayan and Bradley Jacob Dayan are the sole members of Epic, a member-managed consumer debt relief company in Chicago, Illinois. Adam Dayan is the sole manager of Community, a manager-managed tax debt relief company in Chicago, Illinois. Plaintiffs and the class they represent are current and former employees of Community and Epic. Defendants failed to pay their employees hourly wages as required under both the FLSA and IMWL.

3.      Defendants also failed to pay Plaintiffs and the class overtime wages for hours worked in excess of forty (40) hours per week in violation of the overtime provisions of both the FLSA and the IMWL.

4.      Defendants Epic and Community are a joint enterprise. Epic is the entity used to settle consumer debt, while Community is used to settle tax debt. Day to day operations of Epic and Community are both run by Adam Dayan and Bradley Jacob Dayan. Epic and Community share a common office space on Chicago's northwest side. Epic and Community share a common computer system. Various employees were migrated back and forth between Epic and Community as directed by Adam Dayan and Bradley Jacob Dayan.

## THE PARTIES

5.      Plaintiffs Asher Mellul, Leo Orticelli, and Steven Navas reside in and are domiciled in Cook County, Illinois. Within the last three years, Plaintiffs were employed by Epic and Community as inside salespersons at their Chicago, Illinois office within this

judicial district. Plaintiffs intend to represent the class of similarly situated salesperson employees of Epic and Community.

6.      Defendant Epic is an Illinois limited liability company that owns and operates its business in this judicial district, in Chicago, Illinois. Defendant Community is an Illinois limited liability company that owns and operates its business in this judicial district, in Chicago, Illinois.

7.      Defendant Adam Dayan is the manager of Community and is involved in its day-to-day business operation. Among other things, Dayan has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures. Defendants Adam Dayan and Bradley Jacob Dayan are the sole members of Epic and are involved in its day to day business operations. Among other things, Adam Dayan and Bradley Jacob Dayan have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures.

8.      At all times relevant hereto, Plaintiffs were "employees" of Defendants as defined by the FLSA, 29 USC. §203(d), and the IMWL, 820 ILCS 105/3(d). Plaintiffs were not independent contractors of Defendants and were not exempt from the minimum wage provisions of the FLSA and the IMWL.

9.      Defendants were Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c). Defendants Epic and Community are

Illinois limited liability companies that own and operate a debt relief joint enterprise in the state, are an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(l), and are engaged in commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(l). Defendants' employees are engaged in interstate commerce and, on information and belief, Defendants' annual gross volume of sales made or business done exceeds $1,500,000.00, exclusive of excise taxes. During the course of their employment by Defendants, Plaintiffs participated in interstate commerce by working with customers across the United States.

## JURISDICTION AND VENUE

10.     Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1331, Federal Question, arising under 29 U.S.C. §216(b). Jurisdiction over Plaintiffs' Illinois statutory claims is invoked pursuant to 28 U.S.C. §1367, as these claims are so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy under Article 111 of the United States Constitution.

11.     This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b), because Defendants reside in this judicial district and the events giving rise to Plaintiffs claims' occurred within this judicial district.

## FACTS

12.     Defendants hired Plaintiffs Asher Mellul, Leo Orticelli, and Steven Navas as an inside salespersons for Epic and/or Community.

13.    Mr. Mellul, Mr. Orticelli, and Mr. Navas worked for Epic and/or Community within the past three years pursuant to schedules mandated by Epic and/or Community.

14.    In any given week, Plaintiffs worked as few as forty and as many as seventy hours per week for Epic and/or Community.

15.    Throughout the entire relevant time period Plaintiffs were employed by Defendants, they were not paid any regular wages for their work.

16.    From at least May of 2008 until at least April of 2010, Defendants paid Plaintiffs and other inside salesperson employees by commission alone.  On information and belief, since the founding of either company, neither Epic nor Community has ever paid any inside salesperson an hourly wage, including overtime wages.

17.    Defendants wrongfully mischaracterized its employees as independent contractors and issued them IRS 1099 forms, rather than W-2 forms.

18.    In fact, Defendants did not pay its inside salespersons an hourly rate, and no wages were ever paid to Mr. Mellul, Mr. Navas, Mr. Orticelli or any other commissioned employee.

19.    On information and belief, with respect to non-commissioned employees of Defendants, such employees were paid an hourly wage or salary of some sort.  As such, only commissioned salespersons are intended to be included in the class.

20.    On numerous occasions Messrs. Mellul, Orticelli, and Navas would work for Defendants in excess of forty (40) hours in a given workweek.

21.    Neither Plaintiffs nor the class members were exempt from the overtime provisions of either the FLSA or the IMWL.

22.    Defendants never paid Plaintiffs or the class members a rate not less than 1 ½ times the regular rate at which they were employed when they worked over forty (40) hours in a given workweek.

## CLASS AND COLLECTIVE ALLEGATIONS

23.    Plaintiffs bring Counts I and Count III of this Complaint as a collective action pursuant to the collective action provision of the FLSA. 29 U.S.C. §216(c). Plaintiffs bring Count II and Count IV of this Complaint as a class action pursuant to Federal Rule of Civil Procedure 23.

24.    The class of current and former employees of Defendants that Plaintiffs seek to represent is so numerous that joinder of all class members is impracticable.

25.    The class representatives and the class members have been equally affected by Defendants' failure to pay minimum wages and overtime wages.

26.    Furthermore, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

27.    The issues involved in this lawsuit present common questions of law and fact that predominate over the variations that may exist between members of the class, if any.

28.    The class representatives, the class members, and Defendants have a commonality of interest in the subject matter and remedy sought. The class representatives are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, the Court, and Defendants. Accordingly, a class action is an appropriate

method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

29.     Plaintiffs have retained counsel experienced in handling class actions and claims involving violations of state and federal laws governing the payment of wages.

30.     The books and records of Defendants are material to Plaintiffs' action as they may disclose certain of the hours worked by each employee and the rate of pay for that work.

31.     Defendants violated the IMWL and the FLSA by refusing to compensate Plaintiffs and the members of the class consistent with the minimum wages provisions of these laws.

32.     Defendants violated the IMWL and the FLSA by failing to pay Plaintiffs and the members of the class overtime wages consistent with the overtime provisions of these laws.

## COUNT I

**Violation of the Minimum Wage Provisions of the Fair Labor Standards Act**

33.     Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

34.     This Count I is brought by Plaintiffs on behalf of themselves and all others similarly situated as a collective action under the FLSA pursuant to 29 U.S.C. §216(c). Plaintiffs' consent to act in a representative capacity is attached hereto as Exhibit A.

35.     The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees. *See* 29 U.S.C. §206.

36.     Plaintiffs worked as inside salespersons for Defendants and were not exempt from the minimum wage provisions of the FLSA.

37.     Defendants did not pay Plaintiffs or the class members any minimum wage.

38.     Defendants thus violated the FLSA by not paying Plaintiffs or the class members any wages.

39.     Defendants failed to comply with the predicate requirements under the FLSA in failing to inform Plaintiffs and the class members of their right to receive the minimum wage.

40.     Defendants' failure to comply with the terms of the minimum wage disclosure requirements of the FLSA, and Plaintiffs failure to be paid minimum wage from Defendants was a willful violation of the FLSA.

41.     Defendants violated the FLSA by refusing to compensate Plaintiffs and the members of the class consistent with the minimum wages provisions of the FLSA.

42.     Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover their unpaid minimum wages, plus an additional equal amount as liquidated damages, as well as costs and reasonable attorney's fees.

WHEREFORE, Plaintiffs and the class respectfully pray that this Court:

A.     Enter an order declaring Defendants to be in violation of the FLSA;

B.     Award compensatory damages to Plaintiffs in an amount equal to the full minimum wage for all hours worked, plus overtime;

C.     Award liquidated damages to Plaintiffs in an amount equal to compensatory damages pursuant to 29 U.S.C. § 2 16(b);

D.  Award reasonable attorneys' fees and costs to Plaintiffs;

F.  Grant such additional or alternative relief as the Court deems just and proper.

## COUNT II

**Violation of the Minimum Wage Provisions of the Illinois Minimum Wage Law**

43.  Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

44.  This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1, et seq., for Defendants' failure to pay Plaintiffs, and the class of employees that they represent, all their earned minimum wages. Plaintiffs and the class are current and former employees of Defendants who are due, and who have not been paid, minimum wages under the provisions of the IMWL, 820 ILCS 105/1, *et seq*.

45.  Plaintiffs bring this Count II as a class action pursuant to Federal Rule of Civil Procedure 23.

46.  Plaintiffs and other similarly situated employees worked as inside salespersons. Defendants did not pay these persons any hourly rate whatsoever.

47.  Beginning on July 1, 2007 and continuing to June 30, 2008, the minimum wage in Illinois was $7.50 per regular hour. Beginning on July 1, 2008 and continuing to June 30, 2009, the minimum wage in Illinois was $7.75 per regular hour. Beginning on July 1, 2009 and continuing to June 30, 2010, the minimum wage in Illinois was $8.00 per regular hour. Beginning on July 1, 2010 and continuing to June 30, 2011, the minimum wage in Illinois is $8.25 per regular hour.

48.     Defendants should have paid Plaintiffs and the members of the class the full Illinois minimum wage rate for the relevant periods as set forth herein.

49.     Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages of two percent (2%) of the amount of underpayment per month.

WHEREFORE, Plaintiff and the class respectfully pray that this Court:

A.     Enter an order declaring Defendants to be in violation of the IMWL;

B.     Enter a judgment in the amount of all back wages due as provided by the IMWL;

C.     Award prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     Award reasonable attorneys' fees and costs of this action as provided by the IMWL;

E.     Grant an injunction precluding Defendants from violating the IMWL; and

F.     Grant such other and further relief as this Court deems just and proper.

## COUNT III

### Violation of the Fair Labor Standards Act — Overtime Wages

50.     Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

51.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs and members of the class for all hours worked.

52.     This Court has jurisdiction to hear this count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

53.     Plaintiffs and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

54.     Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs and members of the class worked in excess of forty (40) hours, they were entitled to be compensated at a rate of at least one and one-half times their normal hourly rate of pay.

55.     Defendants did not compensate Plaintiffs or members of the class at a rate of at least one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

56.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

57.     Defendants willfully violated the FLSA by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs and the class respectfully pray that this Court:

A.     A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all hours that Plaintiffs worked in excess of forty (40) hours per week while employed by Defendant.

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs;

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV

### Violation of the Illinois Minimum Wage Law — Overtime Wages

58.     Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

59.     This Court has supplemental jurisdiction over the matters alleged in this count pursuant to 28 U.S.C. §1367.

60.     The matters set forth in this count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

61.     Plaintiffs bring this Count IV as a class action pursuant to Federal Rule of Civil Procedure 23.

62.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs and members of the class worked in excess of forty (40) hours, Plaintiffs and members of the class were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

63.     Defendants violated the IMWL by refusing to compensate Plaintiffs and members of the class at one and one-half times her normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

64.     Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs and the class respectfully pray that this Court:

A.     A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all hours that Plaintiffs worked in excess of forty (40) hours per week while employed by Defendants.

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs;

D.     Such other and further relief as this Court deems appropriate and just.

**JURY DEMANDED ON ALL CLAIMS**

Respectfully submitted,

_____/s/_____John N. Rooks_____
One of the Attorneys for Plaintiffs

Eric D. Stubenvoll ARDC #6212104
John N. Rooks ARDC #6287222
Joseph R. Dietz ARDC #6296236
**FISHER KANARIS, P.C**.
200 South Wacker Drive, Suite 2200
Chicago, Illinois 60606
(312) 474-1400

E:\11-1079\Pleadings\Complaint.doc